# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| GABRIELA VARGAS, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 3:19-cv-243 |
| V. § | |
| § | |
| THE GAP, INC., § | |
| § | |
| *Defendant*. § | |

## DEFENDANT GAP INC.'S NOTICE OF REMOVAL

Defendant Gap, Inc. ("Gap"), improperly named as The Gap, Inc., files this Notice of Removal, seeking to remove Plaintiff Gabriela Vargas's ("Vargas") state court action from the 327th Judicial District of El Paso County, Texas to this Court, pursuant to 28 U.S.C. § 1441 *et seq*.

## I.
## BACKGROUND

1. This lawsuit concerns various claims brought under the Fair Labor Standards Act ("FLSA") in addition to a supplemental claim brought under the Texas Labor Code. In particular, Vargas's Original Petition and Request for Disclosure ("Original Petition")[1] includes three claims that generally contend: (1) she failed to receive appropriate compensation for regular and overtime hours worked, in violation of the FLSA; (2) she experienced retaliation when her employment was terminated in violation of the FLSA; and (3) she experienced retaliation when her employment was terminated in violation of the Texas Labor Code. Vargas filed her Original Petition on July 12, 2019 in the 327th Judicial District of El Paso County, Texas and served Gap with her Original Petition on August 9, 2019.[2] The State Court Action is styled *Gabriela Vargas v. The Gap, Inc.*,

---

[1]  A true and correct copy of the Original Petition is included in Exhibit A-2.
[2]  The Texas state court proceeding shall be referred to as the "State Court Action."

2019-DCV-2614. Because this Court has original and supplemental jurisdiction over Vargas's claims against Gap, and because Gap has timely filed this Notice of Removal, removal of the State Court Action to this federal district court is appropriate.

## II.
## REMOVAL IS PROPER

2. It is well settled that a defendant may remove any civil action brought in a state court if the United States district court for the district and division embracing the place where the state court is located has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). District courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and an action satisfies this requirement when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U. S. 58, 63 (1987). In addition, "in any civil action of which the district courts have original jurisdiction, the[y] shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy. 28 U.S.C. § 1367(a). To this end, in removal proceedings, it is further settled that after a district court exercises original jurisdiction over claims arising under federal law, it may exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute "other claims that . . . form part of the same case or controversy." *City of Chicago v. Int'l. College of Surgeons*, 522 U.S. 156, 166 (1997) (citing (§ 1367(a)) (concluding in the removal context that the district court properly exercised original jurisdiction over the plaintiff's federal claims in addition to properly exercising supplemental jurisdiction over the plaintiff's state law claims).

3. Here, this Court has original federal-question jurisdiction over Vargas's FLSA compensation and retaliation claims and it has supplemental jurisdiction over Vargas's Texas Labor Code retaliation claim since the Texas Labor Code claim forms part of the same case and

controversy as the FLSA claims. Critically, Vargas's FLSA claims and Texas Labor Code claim all arise out of Vargas's allegations that she was not compensated for hours worked, she complained that she was not compensated for hours worked, and her employment was terminated.[3] Accordingly, removal of each of Vargas's claims is appropriate.

## III.
## VENUE IS PROPER

4.  Venue is proper in this Court because the United States District Court for the Western District of Texas, El Paso Division embraces the El Paso County District Court where the State Court Action was pending prior to removal. *See* 28 U.S.C. §§ 124(b)(2), 1441(a), 1446(a).

## IV.
## REMOVAL IS TIMELY

5.  A defendant must file a notice of removal within 30 days of receiving a copy of the state court petition. *See* 28 U.S.C. § 1446(b). It is well settled that the 30-day deadline is not triggered until the defendant is formally served with the petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint" and "not by mere receipt of the complaint unattended by any formal service"). Gap was served with the Original Petition on August 9, 2019.[4] Gap filed this Notice of Removal on August 30, 2019—within 30 days from the date of service. Accordingly, removal is timely.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Gap, Inc. respectfully requests that the State Court Action be removed to this Court and that this Court accept jurisdiction of this

---

[3] *See* Original Petition at Exhibit A-2, ¶¶ 12–35.
[4] A true and correct copy of the Return of Service in included in Exhibit "A-2."

action.  Gap further requests that this Court place this action on its docket for further proceedings as though it has originated in this Court and that this Court issues all necessary orders.

Dated:   August 30, 2019							Respectfully submitted,

*/s/ Ethel J. Johnson*
**Ethel J. Johnson**
State Bar No. 10714050
Email: ethel.johnson@morganlewis.com
**John P. Bramble**
State Bar No. 24101444
Email: john.bramble@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001


ATTORNEYS FOR DEFENDANT GAP, INC.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on the following parties via e-filing in compliance with the requirements of the Federal Rules of Civil Procedure on August 30, 2019:

Enrique Chavez, Jr.
Michael R. Anderson
Chavez Law Firm
2101 N. Stanton Street
El Paso, Texas 79902
chavezlawfirm+manderson@chavezlawpc.com

Attorneys for Plaintiff


*/s/ Ethel J. Johnson*
**Ethel J. Johnson**