IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GABRIELA VARGAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | 19-CV-00243 |
| | § | |
| THE GAP, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GAP INC.'S PARTIAL MOTION TO DISMISS UNDER RULE 12(B)(6) OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Gap, Inc. ("Gap"), improperly named as The Gap, Inc., files this Partial Motion to Dismiss under Rule 12(b)(6) or, In the Alternative, Motion for a More Definite Statement under Rule (12)(e) of the Federal Rule of Civil Procedure.

**I.
PRELIMINARY STATEMENT**

1. This is an employment lawsuit that concerns various claims brought under the Fair Labor Standards Act ("FLSA"), Chapter 21 of the Texas Labor Code, and the Texas Commission on Human Rights Act ("TCHRA"). As a general matter, Plaintiff Gabriela Vargas claims in her Original Petition that: (1) she failed to receive appropriate compensation for regular and overtime hours worked, in violation of the FLSA; (2) she experienced retaliation when her employment was terminated, in violation of the FLSA; and (3) she experienced retaliation when her employment was terminated, in violation of the TCHRA. Despite maintaining the burden of pleading enough facts to show that these claims are plausible on their face, Vargas supports these claims only with conclusory statements that Gap failed to compensate her for an unspecified amount of overtime hours worked, that she complained about not being compensated for an unspecified amount of

overtime hours worked, and that her employment was later terminated. Critically, Vargas fails to plead any facts showing that she engaged in protected activity under the TCHRA; fails to plead any facts showing that she exhausted her administrative remedies as a precondition to filing her retaliation claim under the TCHRA; and fails to plead sufficient facts supporting her contention that Gap failed to pay her appropriate compensation for regular and overtime hours worked. That is because the facial implausibility of these claims mirrors the factual reality. Because it is apparent from the face of Vargas's Original Petition that she has not stated (and cannot state) plausible claims to relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss her TCHRA retaliation claim and FLSA compensation claim.[1]

2. Alternatively, Vargas should be ordered to replead her FLSA compensation claim with the specificity required under Rule 12(e) of the Federal Rules of Civil Procedure.

## II.
## LEGAL STANDARD

3. To defeat a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555

---

[1] Gap does not move to dismiss Vargas's retaliation claim under the FLSA.

(citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

4. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). When a court deals with a Rule 12(b)(6) motion, the court determines only whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, a court's task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.
### ARGUMENT AND AUTHORITY

5. Vargas's TCHRA retaliation claim and FLSA compensation claim each fail to state a claim upon which relief can be granted. In connection with her TCHRA retaliation claim, Vargas fails to plead any facts showing that she complained about disparate treatment on the basis of a protected characteristic and thus engaged in protected activity, and she fails to plead any facts showing that she exhausted administrative remedies as a precondition to filing her retaliation claim. In connection with her FLSA compensation claim, Vargas fails to plead sufficient facts showing that Gap failed to pay her appropriate compensation for regular and overtime hours

worked.  These claims should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

6. Alternatively, Vargas should be ordered to replead her FLSA compensation claim with the level of specificity required under Rule 12(e) of the Federal Rules of Civil Procedure.

**A. Vargas Fails to Plead Sufficient Facts to Support Her Retaliation Claim under the TCHRA.**

7. Vargas's TCHRA retaliation claim fails to state a claim that is plausible on its face because it lacks any facts showing that Vargas (i) engaged in protected activity under the TCHRA, and (ii) exhausted administrative remedies under the TCHRA.  This claim should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### i. Vargas fails to plead any facts showing that she engaged in protected activity under the TCHRA.

8. In support of her TCHRA retaliation claim, Vargas fails to plead any facts establishing on any plausible level that she complained about disparate treatment based on any **protected characteristic** under the TCHRA and, as such, that she engaged in **protected activity** under the TCHRA.  Therefore, this claim should be dismissed.

9. As a general matter, the TCHRA makes it unlawful for an employer to retaliate against an employee for engaging in protected activity under the statute.  Tex. Labor Code § 21.055; *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 822–23 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).[2]  While a plaintiff's complaints to a supervisor might qualify as protected activity under some circumstances, a plaintiff's complaints "that do not relate to a **protected characteristic** cannot be considered **protected conduct** for a *prima facie* case of

---

[2] Moreover, because the TCHRA was modeled after Title VII, Texas courts generally look to federal precedent for guidance in determining the proper interpretation of the TCHRA.  *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001).

retaliation under the TCHRA." *Monsivais v. Arbitron, Inc.*, 44 F. Supp. 3d 702, 712 (S.D. Tex. 2014) (emphasis added) (finding that the plaintiff's TCHRA retaliation claim failed because she "clearly did not attribute the alleged harassment to a protected characteristic under Chapter 21 of the Texas Labor Code"); *Harris–Childs v. Medco Health Solutions, Inc.*, 169 Fed. App'x. 913, 916 (5th Cir. 2006) (finding that plaintiff failed to demonstrate that she engaged in protected activity because, in her complaints to management, she never mentioned that she felt she was "being treated unfairly due to her race or sex"); *Wiltz v. Christus Hosp. St. Mary*, No. 1:09–CV–925, 2011 WL 1576932, at *4, *11 (E.D. Tex. Mar. 10, 2011) (finding that the plaintiff's Title VII retaliation claim was not actionable because the plaintiff's internal complaint did not relate to the plaintiff's race or any other protected characteristic and, therefore, did not qualify as protected activity). An employee's compensation is not a protected characteristic under the TCHRA. *See* Tex. Lab. Code § 21.051 (listing the following as protected characteristics: race, color, disability, religion, sex, national origin, and age).

10.     Here, in support of her TCHRA retaliation claim, Vargas contends only that she made a handful of informal complaints during her employment with Gap concerning: (1) her alleged unpaid compensation; (2) the alleged shaving of overtime hours; (3) her alleged physical assault; and (4) the alleged deletion of a security camera video of her alleged physical assault.[3] Critically, however, these alleged informal complaints fail to state that Vargas was treated disparately because of her race, color, disability, or any other protected characteristic under the TCHRA. Therefore, these informal complaints do not qualify as protected activity under the TCHRA.

---

[3] Original Complaint at ¶¶ 21–26.

11. Accordingly, Vargas's TCHRA retaliation claim fails to state a claim on which relief can be granted and should be dismissed with prejudice on this basis alone.

### ii. Vargas fails to plead any facts showing that she exhausted her administrative remedies under the TCHRA.

12. Vargas's TCHRA retaliation claim should also be dismissed because Vargas fails to provide any facts establishing that she exhausted administrative remedies in support of her TCHRA retaliation claim.

13. The TCHRA provides "a comprehensive remedial scheme that grants extensive protections to employees in Texas, implements a comprehensive administrative regime, and affords carefully constructed remedies." *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008). As part of its comprehensive administrative regime, the TCHRA requires claimants to exhaust administrative remedies prior to filing suit in district court. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). Exhausting administrative remedies "is a mandatory prerequisite to filing a civil action alleging violations of the [T]CHRA." *Hoffmann-La Roche Inc.*, 144 S.W.3d 438, 446 (Tex. 2004). Exhausting administrative remedies requires in pertinent part that a plaintiff file an administrative charge of discrimination, provide the investigating agency with time to investigate the allegations included in the charge, and receive a right to sue letter—all prior to filing suit. Tex. Lab. Code §§ 21.201, 21.202, 21.205–207, 21.208, 21.152.

14. Vargas fails to provide any facts showing or otherwise indicating that she exhausted her administrative remedies prior to filing her TCHRA retaliation claim. In particular, she fails to state that she filed a charge, provided the investigative agency with time to investigate any charge filed, or received a right to sue letter. Vargas also does not attach to her Original Petition any charge filed or right to sue letter received—a common practice in employment lawsuits such as this. This is because she cannot. Critically, the facial implausibility of the TCHRA retaliation

claim mirrors its factual reality—that Vargas failed to exhaust administrative remedies prior to filing the claim. Because Vargas fails to provide any facts establishing that she exhausted administrative remedies and because the Court should not accept any unwarranted deductions, Vargas's TCHRA retaliation claim should be dismissed under Rule 12(b)(6) of the Federal Rule of Civil Procedure on this additional ground. *See Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n. 4 (5th Cir. 2004) ("Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust"); *Bowers v. Nicholson*, 271 F. App'x 446, 449 (5th Cir. 2008) (affirming dismissal of a Rehabilitation Act discrimination claim under Rule 12(b)(6) where the plaintiff failed to exhaust administrative remedies); *see also Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 503 (Tex. 2012) (requiring exhaustion for the plaintiff's claim under the TCHRA).

**B.    Vargas Fails to Plead Facts Sufficient to Support Her Compensation Claim under the FLSA.**

15.    In her Original Petition, Vargas seeks compensation for "regular hours and overtime hours to which Employee Vargas was entitled" under the FLSA.[4] The FLSA requires employers to compensate employees for all hours worked, specifically including overtime hours worked. *See, e.g.*, 29 U.S.C. § 207. Importantly, however, Vargas must allege sufficient facts to establish that her compensation claim under the FLSA is plausible on its face. An employee bringing an FLSA action for unpaid compensation "must first demonstrate that she has performed work for which she alleges she was not compensated." *Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (citing *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2005)). In the absence of a Fifth Circuit opinion on this issue, district courts within the Fifth Circuit consistently require a pleading to "put Defendant on notice as to the relevant date

---

[4] Original Complaint at ¶ 38.

range, **as well as the approximate number of hours for which Plaintiff claims [s]he was under-compensated**[.]" *See Ecoquij-Tzep v. Hawaiian Grill*, No. 3-16-cv-625, 2016 U.S. Dist. LEXIS 90513, at *9 (N.D. Tex. July 12, 2016) (emphasis added) (quoting *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2015 U.S. Dist. LEXIS 74339 (E.D. La. June 9, 2015)).

16. Vargas's compensation claim fails to meet this minimal pleading standard since it sets forth only labels and vague assertions that she was not compensated appropriately under the FLSA. Specifically, in support of this claim, Vargas vaguely asserts only that "[Gap] does not compensate [Vargas] for overtime hours worked"[5] and an employee of Gap "changes employees' time sheets to shave off overtime hours to avoid paying the employees for hours worked."[6] These vague assertions, however, fail to provide Gap with sufficient notice of the approximate amount of times Vargas was not compensated, any approximate number of regular hours for which she was not compensated, and any approximate number of overtime hours for which she was not compensated. Incredibly, Vargas's Original Petition is devoid of any specific reference to regular hours that she worked, notwithstanding its general contention that Gap "did not pay Employee Vargas for **regular hours** . . . to which Employee Vargas was entitled."[7]

17. Because Vargas relies solely on labels and vague assertions of unpaid regular and overtime hours to support her compensation claim, Vargas has not met her burden of providing sufficient factual allegations that raise her purported right to relief under the FLSA above a speculative level. *See, e.g.*, *Whitlock v. That Toe Co., LLC*, No. 3:14-cv-2298, 2015 U.S. Dist. LEXIS 55215, at *6 (N.D. Tex. Apr. 28, 2015) (finding that plaintiff's complaint, which was "devoid of any reference to the hours he worked or the manner in which he worked overtime," was

---

[5] *Id*. at ¶ 12.
[6] *Id*. at ¶ 13.
[7] *Id*. at ¶ 38 (emphasis added).

so vague that it could not be found to state a claim); *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 939 (N.D. Tex. 2014) (finding the allegations that "Defendants required Named Plaintiffs . . . to work at events for over forty (40) hours a week [and failed] to pay them minimum wage or overtime for work done over forty (40) hours a week" were only "'formulaic recitation[s] of the elements of a cause of action'"); *Coleman v. John Moore Servs.*, No. H-13-2090, 2014 U.S. Dist. LEXIS 1501, at *10–11 (S.D. Tex. Jan. 7, 2014) (granting a motion to dismiss an FLSA violation claim where "[t]he complaint merely allege[d] that '[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours' and that during 'one or more weeks . . . Defendant failed to pay Plaintiff' the overtime rate").

18. Because Vargas's compensation claim fails to plead enough facts to state a claim to relief that is plausible on its face, it should be dismissed.

**C.   Alternatively, Vargas Should Be Ordered to Replead Her FLSA Compensation Claim with Sufficient Specificity.**

19. The Federal Rules of Civil Procedure authorize a motion for a more definite statement when "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Here, as described above, Vargas's pleadings concerning her FLSA compensation claim are so vague that Gap cannot reasonably prepare a response.  Therefore, if Vargas's FLSA compensation claim survives Gap's Motion to Dismiss, the Court should order Vargas to more definitely describe the amount of times she was not compensated, the number of regular hours for which she was not compensated, and the number of overtime hours for which she was not compensated.  Only this definiteness will provide Gap with the notice required under the Federal Rules so that it can prepare a responsive pleading with the appropriate admissions, denials, and defenses.

## IV.
## CONCLUSION

Plaintiff Gabriela Vargas's TCHRA retaliation claim and FLSA compensation claim fail to state a claim upon which relief can be granted for the reasons stated above. Accordingly, Defendant Gap, Inc. respectfully prays that the Court dismiss these claims with prejudice. Alternatively, Gap prays that the Court order Vargas to replead her FLSA compensation claim with sufficient specificity. Gap further prays for all other relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated:   September 6, 2019                          Respectfully submitted,

*/s/ Ethel J. Johnson*
**Ethel J. Johnson**
State Bar No. 10714050
Email: ethel.johnson@morganlewis.com
**John P. Bramble**
State Bar No. 24101444
Email: john.bramble@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
T:  713.890.5000
F:  713.890.5001

ATTORNEYS FOR DEFENDANT GAP, INC.

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document has been served on the following parties via e-filing in compliance with the requirements of the Federal Rules of Civil Procedure on September 6, 2019:

Enrique Chavez, Jr.
Michael R. Anderson
Chavez Law Firm
2101 N. Stanton Street
El Paso, Texas 79902
chavezlawfirm+manderson@chavezlawpc.com

Attorneys for Plaintiff

                        */s/ Ethel J. Johnson*
                        **Ethel J. Johnson**